UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AOKI,<br><br>            Plaintiff,<br><br>   v.<br><br>,<br><br>            Defendant. | Case No. 22-mc-80249-BLF<br><br>**ORDER GRANTING *EX PARTE* MOTION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re: ECF No. 1] |

On September 28, 2022, Applicant Yuki Aoki ("Aoki") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain discovery from Respondent Google LLC ("Google") in connection with a potential legal action in Japan. ECF No. 1 ("App."). For the reasons set forth below, the Court GRANTS Aoki's application.

**I.  BACKGROUND**

Aoki is a licensed medical doctor and sole proprietor doing business as Kagurazaka Gastroenterology and Endoscopy Clinic ("Clinic"), which is located in in Tokyo, Japan. ECF No. 1-1 ("Aoki Decl.") ¶¶ 1-3. The Clinic has a Google MyBusiness account, through which it can edit the profile that appears on the Google search engine and Google Maps. *Id.* ¶ 9. Aoki asserts that many patients find the Clinic using Google. *Id.* ¶ 8.

An anonymous individual using a Google account with the name "momo Otanii" published a review of the Clinic on Google, giving it a one-star rating. Aoki Decl. ¶ 11; *see* ECF 1-3 Exh. A. Aoki asserts that the review is false, has damaged the reputation of the Clinic, and has had a significant negative effect on business operations. Aoki Decl. ¶¶ 12-13.

Aoki seeks to file a civil lawsuit against the anonymous individual in Japan, under Articles 709 and 710 of the Civil Code of Japan, which are the statutes for reputational torts. Aoki Decl.

¶¶ 16-18; ECF No. 1-2 ("Kanda Decl.") ¶¶ 6-10. But because Japanese law does not allow lawsuits to be filed against anonymous persons, Aoki must first determine the identity of the anonymous individual. Kanda Decl. ¶ 11. Aoki is therefore seeking to subpoena Google to learn the identity of the anonymous individual. *Id.* ¶ 12; *see* ECF No. 1 at 11-15 (subpoena). The subpoena asks for information associated with the identified account and any associated accounts, including any names, addresses, email addresses, telephone numbers, credit card names (excluding numbers), and identifying access log information, such as IP addresses. ECF No. 1 at 14-15.

Aoki filed an *ex parte* application asking this court to authorize the serving of this supoena on Respondent. App.

## II. LEGAL STANDARD

Section 1782 provides, in relevant part:
> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1)

United States District Court
Northern District of California

1  whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2)
2  "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the
3  receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial
4  assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering
5  restrictions or other policies of a foreign country or the United States"; and (4) whether the request
6  is "unduly intrusive or burdensome." *Id.* at 264-65.  In exercising its discretion, the district court
7  should consider the twin aims of the statute: "providing efficient assistance to participants in
8  international litigation and encouraging foreign countries by example to provide similar assistance
9  to our courts." *Id.* at 252.

10  Section 1782 applications are generally considered on an *ex parte* basis because "parties
11  will be given adequate notice of any discovery taken pursuant to the request and will then have the
12  opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v.*
13  *Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-
14  10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).
15  "Consequently, orders granting § 1782 applications typically only provide that discovery is
16  'authorized,' and thus the opposing party may still raise objections and exercise its due process
17  rights by challenging the discovery after it is issued via a motion to quash, which mitigates
18  concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys.*
19  *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

20  **III.   DISCUSSION**
21      **A.   Statutory Requirements**
22  Aoki's request satisfies the requirements of Section 1782.  First, the statute requires that
23  Respondent be found in the district.  A business entity is "found" in the judicial district where it is
24  incorporated or headquartered.  *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-
25  80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases).  Google
26  is headquartered in Mountain View, California.  Kanda Decl. ¶ 5.  Mountain View, California is
27  within this district, so this requirement is met.
28  Second, the discovery must be for use in a proceeding in a foreign tribunal.  For a

proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, a civil lawsuit is within reasonable contemplation because Aoki has declared that he intends to bring a lawsuit under Japanese tort law once he learns the identity of the anonymous individual. Aoki Decl. ¶¶ 16-17; Kanda Decl. ¶¶ 6-9. He has already retained counsel for the purpose of doing so. *See* Aoki Decl. ¶ 16; Kanda Decl. ¶ 4.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256-57. As the putative plaintiff, Aoki is an interested person. Aoki Decl. ¶ 17.

### B. Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### i. Respondent is not a participant in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google will not be a party or participant in the Japanese lawsuit; the only defendant would be the anonymous individual. Kanda Decl. ¶ 13. This factor therefore weighs in favor of granting the application.

#### ii. Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

Aoki has submitted a declaration from his attorney, who is admitted to practice in Japan,

4

that asserts that Japanese courts are receptive to assistance in discovery by U.S. federal courts. Kanda Decl. ¶¶ 14-15. The Court is not aware of any directive from Japan against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))). In fact, courts in this district have previously granted Section 1782 discovery for use in proceedings in Japanese courts. *See In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021). Therefore, this factor weighs in favor of granting discovery.

### iii. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, there is no reason to believe that Aoki is seeking to circumvent Japanese evidence laws. Aoki's attorney stated as much in his declaration. Kanda Decl. ¶ 16. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### iv. The request is not unduly burdensome or intrusive.

Finally, the last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoena seeks information from Google about the anonymous individual. The subpoena appears to be narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendant, and courts have found that requests seeking similar information were not unduly intrusive or burdensome. Kanda Decl. ¶¶ 17-22; *see Med. Corp. H&S*, 2019 WL 1230440, at *3-4; *Med. Corp. Seishinkai*, 2021

WL 3514072, at *4-5. To the extent Respondent asserts that any of the information sought by Aoki is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

Dated: September 29, 2022

_____
BETH LABSON FREEMAN
United States District Judge